**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MERILAND KEITH DILLARD**, | ) | Case No.8:25-CV-02091 JAK |
|   Plaintiff, Pro Se, | ) | |
| | ) | |
|  v. | ) | AMINISTRATIVE MOTION FOR |
| | ) |   STAY PENDING APPEAL |
| **AND  CBS STUDIOS**; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ADMINISTRATIVE MOTION FOR STAY PENDING APPEAL**

Plaintiff Meriland Keith Dillard, Pro Se, respectfully moves this Court for a short administrative stay of all district-court proceedings, including any forthcoming Motion to Dismiss (due October 9, 2025), pending resolution of Plaintiff's interlocutory appeal (Ninth Circuit Case No. 25-6180) from this Court's denial of the Temporary Restraining Order and Preliminary Injunction.

**I. INTRODUCTION**

This motion seeks a brief pause to preserve judicial economy and prevent inconsistent rulings while the Ninth Circuit reviews the same operative issues that will form the basis of any Motion to Dismiss. Because the appellate court will determine whether the denial of injunctive relief was proper—a determination that turns on the same core facts and law—allowing parallel

1

proceedings to advance risks conflicting outcomes and irreparable prejudice to Plaintiff's copyright interests.

## II. PROCEDURAL BACKGROUND

On September 29, 2025, this Court denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

Plaintiff timely filed a Notice of Appeal, and the appeal was docketed in the Ninth Circuit. The Ninth Circuit has issued a briefing schedule.

Defendant has indicated it will file a Motion to Dismiss on October 9, 2025, which will necessarily raise the same factual and legal issues now on appeal. Without a temporary stay, this Court may be compelled to rule on matters over which jurisdiction is at least arguably divested by the pending appeal.

## III. ARGUMENT

### A. Jurisdiction Is Substantially Divested Under Griggs

Filing a notice of appeal "divests the district court of jurisdiction over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The appeal and any forthcoming Motion to Dismiss are inextricably intertwined, as both involve the identical, threshold question of whether Plaintiff's copyright claim presents protectable expression

and a valid claim for relief. Proceeding here risks inconsistent rulings on the exact same legal standards.

**B. The Underlying Merits Present Serious Legal Questions and Due Process Violations**

A stay is warranted because Plaintiff's appeal raises serious questions going to the merits, including clear legal errors that constitute an abuse of discretion and violation of due process:

1. **The Discovery "Catch-22" and Due Process Violation:** The Court denied discovery of the final CBS script and the Katherine Heiny short story, then ruled against Plaintiff for failing to provide evidence from that same script or properly challenge CBS's independent creation defense. This prevented a **meaningful opportunity to be heard** in violation of the Fifth Amendment. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).

2. **Improper Weighing of Evidence for the Trier of Fact:** The Court dismissed Plaintiff's evidence of access through dissemination to 67 industry professionals as "too speculative," resolving a disputed factual issue improper at this stage. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

3. **Misapplication of Copyright Law:** The Court dismissed all similarities as "genre tropes" without analyzing their unique "selection and arrangement," misapplying *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020).

**C. A Temporary Stay Promotes Judicial Economy and Prevents Irreparable Harm**

District courts retain inherent authority to manage their dockets and may stay proceedings "in the interest of justice and efficiency." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A brief stay until the Ninth Circuit resolves the emergency injunction appeal will conserve resources and prevent the irreparable harm of the October 13, 2025, broadcast, which would permanently destroy Plaintiff's exclusive rights and render the appeal moot.

**D. The Balance of Equities and Public Interest Favor a Stay**

Under *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011), the factors favor a stay. The harm to CBS from a brief delay is minimal, while the harm to Plaintiff from proceeding is severe and permanent. The public interest is served by ensuring copyright and due process claims are decided on a full and fair record, preserving confidence in judicial proceedings.

**IV. CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court:

1. Grant an Administrative Stay of all district-court proceedings, including any forthcoming Motion to Dismiss, pending resolution of the appeal; or,

2. In the alternative, stay proceedings for 14 days to allow the Ninth Circuit to act on Plaintiff's pending Emergency Motion for Injunction Pending Appeal.

DATED: October 7, 2025

Respectfully submitted,

/s/ Meriland Keith Dillard
MERILAND KEITH DILLARD
Pro Se Plaintiff


CERTIFICATE OF SERVICE

I, Meriland Keith Dillard, hereby certify that on October 7, 2025, I served the foregoing ADMINISTRATIVE MOTION FOR STAY PENDING APPEAL upon counsel for Defendant via email at:

Nicholas Jampol –nicholasjampol@dwt.com
Cydney Freeman – cydneyfreeman@dwt.com
Davis Wright Tremaine LLP

/s/ Meriland Keith Dillard
MERILAND KEITH DILLARD