**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | | |
|---|---|---|
| MERILAND KEITH DILLARD, | ) | Case No.8:25-CV-02091-JAK KES |
| Plaintiff, Pro Se, | ) | |
| | ) | NOTICE OF FILING CONSOLIDATED |
| | ) | VISUAL ANALYSIS ESSENTIAL TO |
| | ) | JUDICIAL REVIEW |
| CBS STUDIOS, Inc; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF FILING CONSOLIDATED VISUAL ANALYSIS ESSENTIAL TO JUDICIAL REVIEW**

Plaintiff, Meriland Keith Dillard, respectfully files this Consolidated Visual Analysis pursuant to the Court's October 30, 2025 Order taking the Motion to Dismiss under submission without oral argument. This analysis is filed to ensure the Court's review is conducted with the complete analytical framework necessary to properly understand Plaintiff's substantial similarity arguments.

NECESSITY OF VISUAL ANALYSIS FOR MEANINGFUL REVIEW

The protected expression at issue—a multi-layered narrative architecture—cannot be adequately understood through sequential text description alone. Plaintiff's written filings necessarily break this integrated architecture into separate paragraphs and pages, inviting the very "analytic dissection" that copyright law prohibits.

1

These visual presentations show the protected expression in its proper form as a unified whole that operates through:

- Simultaneous structural patterns
- Integrated narrative sequencing
- Visual rhythm and flow
- Objective comparative analysis

The "Who's on First" analogy in the briefing demonstrates this inherent limitation of text: the routine's protectable structure is obvious when seen diagrammatically but becomes dissected and weakened when described in paragraphs.

DUE PROCESS CONCERN

Plaintiff's right to meaningful judicial review includes the assurance that complex creative expression is properly understood by the court. These exhibits ensure that the Court's determination under Local Rule 7-15 is made with the complete analytical tools necessary to grasp the narrative architecture that forms the heart of this copyright dispute.

This consolidated analysis does not introduce new evidence or legal argument. It visually synthesizes evidence already in the record—including the scripts, sworn declarations, and comparative analyses—into the integrated format required to understand the protected expression at issue.

2

EXECUTIVE SUMMARY: VISUAL DEMONSTRATION OF PROTECTED NARRATIVE

ARCHITECTURE

This document provides the visual framework essential for the Court's proper review of

Plaintiff's substantial similarity arguments. The protected expression at issue is a multi-layered

narrative architecture—an integrated creative structure that cannot be adequately understood

through text-based descriptions alone, which inherently dissect the work. These charts present

the objective, articulable similarities in their proper, unified form.

THE SIX VISUAL PROOFS:

1. THE COPIED BLUEPRINT (Chart 1): A side-by-side, simultaneous comparison of the
   identical Four-Step Comedic Sequence across Plaintiff's work, CBS's "DMV," and the
   protected structure of "Who's on First?". This visual is necessary to see the protected
   "sequence of events" (*Metcalf v. Bochco*) as a single, coordinated unit, rather than as
   dissected, separate story points in a legal brief.

2. **THE CONCEPTUAL PATTERN (Chart 2):** An abstract model (BE → TRY →
   IGNORE → STOP) that reveals the identical narrative logic. This chart demonstrates that
   the protectable element is the underlying system, which text can only describe in a
   fragmented way, but a diagram can reveal as a functioning whole.

3. THE EXPRESSIVE ENGINE (Chart 3): A forensic analysis proving the works share an identical sequence of comedic verbs (DIRECTIVE → MISFIRE → ESCALATION → FREEZE). This chart demonstrates that CBS copied the unique comedic rhythm of the scene – the specific sequence of verbal actions that power the comedy. This proves copying of the scene's mechanical execution, making independent creation implausible.

4. **THE STATISTICAL IMPROBABILITY (Chart 4):** A linguistic combinatorial analysis demonstrating that CBS's specific dialogue choice is statistically implausible as coincidence. The analysis models standard English syntactic possibilities for expressing a bureaucratic directive:

- 504 Theoretical Combinations derived from permutations of verb choices ("get," "move," "push," "keep"), object nouns ("line," "queue," "customers," "workflow"), modal verbs ("can you," "need to," "let's"), and adverbial phrases ("moving," "along," "forward")
- 25 Natural Expressions representing common, idiomatic ways to express this narrative function in workplace contexts
- 1 Near-Identical Comedic Directive that performs the exact same narrative role with the same bureaucratic tone and illogical setup function

This quantitative analysis supports the "striking similarity" doctrine by demonstrating that CBS's choice represents a statistical outlier among hundreds of natural alternatives, making independent creation practically implausible.

4

**5. THE BLUEPRINT FOR CONCEALMENT (Chart 5):** This chart demonstrates a critical concept in copyright law: "non-literal copying." It illustrates how an infringer can copy the protected narrative architecture of a scene while deliberately concealing the theft by changing only the unprotectable, surface-level elements.

   a. The Universal Principle: This protected four-step sequence is a narrative "engine" that could be disguised within any genre—a romance, a thriller, a drama—by simply changing the setting and character types. A scene of school kids in a cafeteria is used here as a clear, hypothetical example to illustrate how easily the core structure can be concealed.

   b. The Legal Reality in This Case: This is precisely what CBS did. They took this same protected "narrative engine" from "DOFL" and disguised it within the different setting and tone of their "DMV" series. The superficial differences CBS will emphasize are not evidence of independent creation; they are the hallmark of a deliberate strategy to copy the protectable core while constructing a different surface.

   c. The Judicial Imperative: This chart serves to alert the Court that the substantial similarity analysis must look *past* these surface disguises. The underlying, protectable narrative structure—the sequence itself—is what must be compared, and it remains identical.

   6. **THE PLAUSIBLE ACCESS CHAIN (Chart 6):** A pathway chart that visually establishes the "chain of events" and "reasonable possibility" of access, as established by sworn declarations and documented industry relations, satisfying the pleading standard under Twombly and Three Boys Music.

**CUMULATIVE EFFECT:** These charts are not merely illustrative; they are the only way to present the protected narrative architecture without subjecting it to the "unprotected dissection" warned against in *Apple Computer v. Microsoft Corp.* Defendant cannot attack one layer without confronting the objective evidence presented in the others. Together, they demonstrate a compelling, multi-faceted case for copyright infringement that must proceed to a jury.

DATED: November 2, 2025

Respectfully submitted,

/s/ Dr. Meriland Keith Dillard
DR. MERILAND KEITH DILLARD, MD
Pro Se Plaintiff

CHART 1: The Four-Step Protected Sequence

COURTROOM EXHIBIT
**Protected Comedic Structure**

# The Four-Step Protected Sequence

**1** Directive → **2** Literal Motion → **3** Amplified Absurdity → **4** Paralysis

## 1 Step 1: Logical Request

  

**ABBOTT & COSTELLO**
*Costello: "Who's on first?"*

**PLAINTIFF'S DOFL**
*Davidson: "Get this line moving."*

**CBS DMV SERIES**
*AJ: "You've got one on deck."*

## 2 Step 2: Illogical Response

  

**ABBOTT & COSTELLO**
*Abbott: "Who's on first."*

**PLAINTIFF'S DOFL**
*Charlise: "I need a pencil to draw it moving."*

**CBS DMV SERIES**
*Vic: "Rotation ignores my strengths."*

## 3 Step 3: Escalation & Ultra Absurdity

  

**ABBOTT & COSTELLO**
*Costello: "I'm asking you who's on first!" Abbott: "That's right."*

**PLAINTIFF'S DOFL**
*Davidson: "Then use your eraser!"*

**CBS DMV SERIES**
*AJ: "Just take the next one." Vic: "I did last week—it's HR's turn."*

## 4 Step 4: Standstill & Freeze

   

**ABBOTT & COSTELLO**
*Characters yell in confusion until conversation collapses*

**PLAINTIFF'S DOFL**
*Entire line stops—no one moves*

**CBS DMV SERIES**
*Line stalls, applicants stare, Vic shrugs*

CHART 2: BE/TRY/IGNORE/STOP Conceptual Pattern

| COMEDIC SCRIPT | BE | TRY | IGNORE | STOP |
|---|---|---|---|---|
| **WHO'S ON FIRST** | "Who's on first" (literal Directive) | "Yes, try to find out (Reinforces the logic – invites inquiry) | "Don't bother with this" (Frustration grows; dismissing the absurdity) | "Let's just stop the line" (Emotional exhaustion – routine collapses under it's own logic) |
| **DOFL** | "Charlise, can you get this line moving" | "I don't have a pencil or pen." | "…the only way I can move this line is to draw it. These people move slow" | "Well use your eraser" |
| **DMV** | "Drop off . And you have one on deck" | "The rotation ignores our individual strengths" | "I'll keep the White entitled in check…your're good with the wack-a-doos | "Really? Didn't notice. We're hoping she dies." |

8

CHART 3: Verb Rhythm Analysis

# VERBS REVEAL COPYING
## THROUGH IDENTICAL STORY RHYTHM

| | Who's on First | DOFL | DMV |
|---|---|---|---|
| **1** | play<br>DIRECTIVE | get<br>"Get this line moving." | Be / line up<br>"You've got on on deck." |
| **2** | play<br>MISFIRE | Draw<br>"I need a pencil to draw it moving." | try / rotate<br>"Rotation ignores my strengths." |
| **3** | torture<br>ESCALATION | torture<br>chaotic exchange follows | figure<br>chaotic exchange follows |
| **4** | pause<br>FREEZE | ensure<br>awkward silence / pause | breathe<br>awkward silence / pause |

**DMV mirrors › DOFL's expressive rhythm**

9

CHART 4: Statistical Improbability Analysis

## LIMITED EXPRESSIVE OPTIONS: PROOF OF PROBATIVIE SIMILARITIY

### PLAINTIFF'S LINE: "GET THIS LINE MOVING"

### CONCEALED EXPRESSIONS

**TRANSPARENT DIRECTIVES**

Keep it moving
Move them along
Let's move the line
Push the queue forward
Next one up



Step to the plate
Ready the next player
Let's roll them through
Clock's ticking
Don't freeze up
Keep the wheel turning
They're waiting on you
Warm up the next one

### YOU'VE GOT ONE ON DECK

Performs the same verb function ('instructing waits-taff to advance line') with completely different language. Linguistically, very few alternatives exist for DOFL's imperative phrase

CHART 5: Blueprint for Concealment

# HIDDEN COPYING THROUGH SURFACE VARIATION

## PROTECTED 4-STEP SEQUENCE AS SCHOOL COMEDY

| DOFL = ORIGINAL SCENE (OFFICE SETTING) | HIDDEN COPY – "THE LUNCH LINE (SCHOOL SETTING) |
|---|---|
| DIRECTIVE – Legical Request "Get this line moving." | LITERAL MISFIRE – *Misurstranding* "Let's move thes line forward!" |
| LITERAL MISFIRE – *Misunderstanding the Directive* "I need a pencil to draw it moving." | ESCALATION Absurd Extension "Use your tray as a bulldozer!" |
| PARALYSIS Comedie Freeze "Then nothing moves," | PARALYSIS Comedic Freeze "I think I broke the line. Nobody's moving now." |
| SETTING SHIFT (Disguise Layer) | School cafeteria with kids |
| CHARACTER RECAST (Surface Masking) | Assertive leader, literal kid |
| DIALOGUE FUNCTION Bureaucratic phrasing, office tone | Childlike slang, cafeteria tone Childlike slang, cafeteira tone |
| COMEDIC SEQUENCE Directive → Misfire → Escalation → Freeze | Directive → Misfire Escalation → Freeze |

CHART 6: Plausible Access Chain






# PLAUSIBLE ACCESS CHAIN— INDUSTRY PATHWAY OF THE PLAINTIFF'S SCRIPT

**DR. DILLARD**
(PLAINTIFF)

Script Promoter

Received *Department of Labor* screenplay

**Script Promoter**
- Received Department screenplay
- Distributed to multiple industry contacts

Direct recipient of Plaintiff's script from promoter

**KAPITAL ENTERTAINMENT**
Primary production company for DMV

**CBS STUDIOS / WRITERS ROOM**
Received scripts and hotes thru Kapital

Twombly/idqal + *Three Bays*

## PROBATIVE INDICATORS

**Documented Links**
- Varela's known ties to Aaron Kaplan
- Script transmission records (email, attachments)*

**Reasonable Inference**
- Promoter and Varela both within the entertainment industry
- Varela's proximity to Kapital establishes access

**Legal Threshold**
- *Thike Boys Music Corp v Bolon* (212 F 5d 477, 483), "reasonable possibility of access is enough –not certainty"

*Access need not be proven beyond doubt—only alausibly.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2025, I electronically filed the foregoing **NOTICE OF FILING CONSOLIDATED VISUAL  ANALYSIS ESSENTIAL TO JUDICIAL REVIEW** with the Clerk of the Court using the CM/ECF system, which automatically serves all counsel of record.

/s/ Meriland Keith Dillard

Pro Se Plaintiff