UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| M. Lindaya | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO STAY (DKT. 40); DEFENDANT'S MOTION TO DISMISS (DKT. 44)**
**[JS-6: CASE TERMINATED]**

## I.     Introduction

On September 16, 2025, Meriland Keith Dillard ("Plaintiff") brought this copyright infringement action against CBS Studios, Inc. ("Defendant"). Dkt. 1. The Complaint advances the following causes of action:

(1) Copyright infringement, 17 U.S.C. §§ 101, *et seq.*;
(2) Unfair competition, Cal. Bus. & Prof. Code § 17200;
(3) Breach of implied contract;
(4) Misappropriation of ideas; and
(5) Declaratory relief.[1]

*Id.* ¶¶ 41–63.

Concurrently with the filing of the Complaint, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, Dkt. 2 ("TRO Motion"), which sought to bar Defendant from broadcasting, distributing, marketing, or otherwise exploiting the television series *DMV* (the "Accused Television Series"), which was scheduled to air on October 13, 2025, and which allegedly infringes Plaintiff's work, *Department of Labor* (the "Screenplay"). On September 29, 2025, an Order issued denying the TRO Motion. Dkt. 31 ("TRO Order").

---

[1] The Complaint also brings counts for "Injunctive Relief" (Count VI) and "Accounting & Disgorgement" (Count VII). Because those are remedies, not causes of action, neither states a claim for relief. *See Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action." (quoting *Mbaba v. Indymac Fed. Bank F.S.B.*, No. 09-CV-1452, 2010 WL 424363, at *4 (E.D. Cal. Jan. 27, 2010)); *Schaffer Fam. Invs., LLC v. Sonnier*, 120 F. Supp. 3d 1028, 1049 (C.D. Cal. 2015) ("[A]ccounting is a remedy and not a cause of action."); *Arcell v. Google LLC*, No. 22-CV-2499, 2025 WL 210877, at *3 (N.D. Cal. Jan. 16, 2025) ("Divestiture and disgorgement are equitable remedies, rather than standalone causes of action."). Accordingly, the Motion to Dismiss is **GRANTED** as to Counts VI and VII, which are **DISMISSED WITH PREJUDICE**, *i.e.*, without leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

On September 30, 2025, Plaintiff filed a notice of appeal to as to the TRO Order. Dkt. 34. Plaintiff also filed with the Ninth Circuit an Emergency Motion for Injunction Pending Appeal, which was denied by the Ninth Circuit on October 10, 2025. Dkt. 25, No. 25-6180 (9th Cir. Oct. 10, 2025). The TRO Order was affirmed by the Ninth Circuit in a memorandum order issued on January 28, 2026. Dkt. 71. There are thus no pending appellate proceedings.

On October 7, 2025, Plaintiff filed, in the district court, an Administrative Motion for Stay Pending Appeal. Dkt. 40 ("Motion to Stay"). On October 15, 2025, Defendant filed an opposition to the Motion to Stay. Dkt. 52. On October 16, 2025, Plaintiff filed a reply in support of the Motion to Stay. Dkt. 54.

On October 9, 2025, Defendant filed a Motion to Dismiss Plaintiff's Complaint. Dkt. 44 ("Motion to Dismiss"). On October 23, 2025, Plaintiff filed an opposition to the Motion to Dismiss. Dkt. 57. On October 29, 2025, Defendant filed a reply in support of the Motion to Dismiss. Dkt. 61.

In accordance with Local Rule 7-15, it was determined that the Motion to Dismiss and the Motion to Stay (collectively, "Motions") could be decided without oral argument, and they were taken under submission.[2] Dkt. 62. For the reasons stated in this Order, the Motion to Dismiss is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**. The Motion to Stay is **DENIED** as moot because there are no pending appellate proceedings.

## II.    Background

Because the parties are familiar with the allegations and factual matters relevant to the Motion to Dismiss, and do not dispute the description of the facts and corresponding evidence in the TRO Order, that discussion in the TRO Order is incorporated here by this reference.

## III.    Legal Standards

Federal Rule of Civil Procedure 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading must allege facts that, if established, would be sufficient to show that a claim for relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint need not include detailed factual allegations but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up) (quoting *Twombly*, 550 U.S. at 556–57).

---

[2] Plaintiff filed a motion for leave to file a surreply, Dkt. 63, which was denied. Dkt. 65. Further, Plaintiff filed an unauthorized supplemental brief, Dkt. 64, which was stricken. Dkt. 66.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Under this standard, a complaint "must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief." *Parents for Priv. v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020). In assessing whether a plaintiff has sufficiently stated a claim, courts accept as true all well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *Id.* However, courts "are not required to accept as true legal conclusions couched as factual allegations." *Id.* "Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions, that 'plausibly give rise to an entitlement to relief.' The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (citations omitted) (quoting *Iqbal*, 556 U.S. at 679).

"In evaluating whether a complaint states a plausible claim for relief, [courts] rely on 'judicial experience and common sense' to determine whether the factual allegations, which are assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). Therefore, courts "need not accept as true factual allegations that are not plausible on their face." *Blantz v. Cal. Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 922 (9th Cir. 2013). Further, "[c]onclusory allegations and unreasonable inferences are . . . insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

When considering a motion to dismiss, a court "may . . . consider certain materials" outside of the pleadings, including "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice . . . without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

If a motion to dismiss is granted, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this policy is to be applied "with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)), allowing leave to amend is inappropriate in circumstances where an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

**IV.    Analysis**

    A.    Copyright Claim (Count I)

        1.    Legal Standards

To establish direct copyright infringement, Plaintiffs must establish: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). A valid copyright registration creates a rebuttable presumption of ownership. *See Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488–89 (9th Cir. 2000) ("Registration is prima facie evidence of the validity of a copyright.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

"The second prong of the infringement analysis contains two separate components: 'copying' and 'unlawful appropriation.'" *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc) (quoting *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018)). They are also referred to as factual copying and legal copying, respectively. "Although these requirements are too often referred to in shorthand lingo as the need to prove 'substantial similarity,' they are distinct concepts." *Id.*

"In the absence of direct evidence of copying, . . . the plaintiff 'can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying.'" *Id.* (quoting *Rentmeester*, 883 F.3d at 1117). A showing of both access and probative similarity are required to prove factual copying through circumstantial evidence. *Three Boys Music Corp.*, 212 F.2d at 481. "Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking the plaintiff's work and the defendant's access, or (2) showing that the plaintiff's work has been widely disseminated." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009).

"On the other hand, the hallmark of 'unlawful appropriation' is that the works share *substantial* similarities." *Skidmore*, 952 F.3d at 1064. Such substantial similarity, also known as legal copying, is evaluated under a two-part test. *Id. First*, the "extrinsic" test "compares the objective similarities of specific expressive elements in the two works." *Id. Second*, the "intrinsic" test looks "for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance." *Id.* (quoting *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 637 (9th Cir. 2008)).

   2.   Application

The TRO Order, whose analysis is incorporated by this reference, concluded that Plaintiff failed to show even a serious question as to the merits of his copyright claim. Dkt. 31 at 5–8. Specifically, Plaintiff's copyright claim failed as a matter of law because the facts and evidence proffered failed to show that Defendant engaged in factual or legal copying. *Id.*

In connection with the Motion to Dismiss and the prior TRO Order, the parties have submitted extrinsic evidence outside of the pleadings. As discussed in the TRO Order, Dkt. 31 at 6, Defendant has submitted the declaration of Dana Klein, the creator of the Accused Television Series, who has declared that, prior to this litigation, she had "not heard of Plaintiff or his Screenplay, and [had] never read Plaintiff's Screenplay." Dkt. 21-2 ¶ 6. Klein also declared that the Accused Television Series is actually based on the short story, *Chicken-Flavored and Lemon-Scented*, by award-winning author Katherine Heiny (the "Heiny Story"). *Id.* ¶ 3.

Plaintiff has submitted a declaration from Jane Roe,[3] who is purportedly a "script consultant and industry consultant." Dkt. 58-4. According to Roe's declaration, Roe has assisted Plaintiff since

---

[3] In the Motion to Seal, Plaintiff argues that the names of these persons should be redacted from the public record to protect the privacy interests of nonparties Roe and Doe. Dkt. 58. Because the privacy of nonparties is a compelling reason to seal this material, the Motion to Seal is **GRANTED**. *See, e.g.*, *Cat Coven LLC v. Shein Fashion Grp., Inc.*, 19-cv-07967, 2019 WL 10856813, at *1 (C.D. Cal. Dec. 20, 2019) (collecting cases). This portion of the Order may be subject to reconsideration, in whole or in part at any time, if on the application of any party or other interested person it is shown that the interest of the public in access to this information outweighs the need to protect privacy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

February 2008 in distributing his creative works to producers. *Id.* ¶ 1. Roe declares that she communicated with John Doe, an industry professional, in January 2021, February 2021, and September 2024 regarding Plaintiff's scripts. *Id.* ¶ 2. Roe further declares that Doe has implied that he "maintains professional relationships with Kapital Entertainment," which was the production company for the Accused Television Series. *Id.* Plaintiff also submitted what is purportedly an email chain between Roe and Doe.[4] Dkt. 58-3. This email chain does not reference Plaintiff's works in general or the Screenplay. *Id.*

Unlike the circumstances and procedures that applied to the consideration of TRO Motion, the parties' evidentiary submissions cannot be considered as part of the consideration of a motion to dismiss pursuant to Rule 12(b)(6). See *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). When "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court declines to convert the Motion to Dismiss into one for summary judgment. Accordingly, the evidence submitted by the parties will not be considered, but the well-pleaded allegations in the Complaint will be deemed true, and all inferences will be drawn in the light most favorable to Plaintiff in reviewing the Motion to Dismiss, as required by Rule 12(b)(6).[5]

Applying these standards, the Complaint fails to state a claim for copyright infringement for the same reasons as those set forth in the TRO Order.

---

[4] Plaintiff did not submit copies of the emails themselves, but appears to have copied the alleged contents of the emails, and then pasted them into a separate document.

[5] Pursuant to Federal Rule of Evidence 201, Plaintiff has requested judicial notice of the following: (1) the broadcasted pilot episode of the Accused Television Series; (2) Plaintiff's copyright registration; and (3) the Heiny Story. Dkt. 57 at 25. A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Further, the doctrine of incorporation by reference allows courts to consider extrinsic "documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Defendant does not contest the authenticity of any of these documents. Because the first two documents are significant to assessing the Motion to Dismiss, and are relied upon by the Complaint, the material in them is considered in resolving the Motion to Dismiss. The Heiny Story, however, is not relevant to the Motion to Dismiss, because all extrinsic evidence, including Defendant's evidence regarding the Heiny Story, will not be considered in determining the sufficiency of Plaintiff's allegations. Therefore, neither Defendant's evidence concerning the Heiny Story, nor the Heiny Story itself, is considered. Finally, the documents attached to the Complaint will be considered because they were incorporated by reference into the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

a)      Factual Copying

As previously held, Dkt. 31 at 6,[6] the Complaint does not set plausibly allege that Defendant had access to the Screenplay, which is required to demonstrate factual copying based on circumstantial evidence.[7]  *First*, there are no plausible allegations that the Screenplay was "widely disseminated." *Loomis v. Cornish*, No. 12-CV-5525, 2013 WL 6044349, at *5 (C.D. Cal. Nov. 13, 2013) ("[I]n order for a work to be widely disseminated, it must achieve a high degree of commercial success or be readily available in the relevant market."), *aff'd*, 836 F.3d 991 (9th Cir. 2016). *Second*, Plaintiff's chain-of-events theory of access is impermissibly speculative. The Complaint's theory of access -- based on Plaintiff's unsolicited dissemination of the Screenplay to industry professionals -- has already been rejected because it failed to "demonstrate any plausible nexus connecting these industry professionals to the Accused Television Series . . . ." Dkt. 31 at 7. Plaintiff argues that the new evidence that has been proffered, which is not alleged in the Complaint, warrants a change in this conclusion. Dkt. 57 at 15–16. However, as noted, this evidence is not appropriate to consider on review of a Rule 12(b)(6) motion.[8]  *Minor v. Fedex Office & Print Servs.*, Inc., 182 F. Supp. 3d 966, 977 (N.D. Cal. 2016) ("Plaintiff may not use his opposition to raise and argue new allegations or claims not in the complaint."). Moreover, even if this evidence were considered, it still fails to plausibly support Plaintiff's circumstantial theory of factual copying for reasons later addressed.

For these reasons, because there "can be no infringement of copyright" absent a showing of factual copying at the threshold, the Complaint fails to state a claim for copyright infringement. *Mazer v. Stein*, 347 U.S. 201, 218 (1954).

b)      Legal Copying

As previously held, Dkt. 31 at 8, the Screenplay and the Accused Television Series (collectively, the "Works") are not similar in any meaningful respect except when considered at the highest level of abstraction. This is not the kind of similarity that would constitute infringement of a copyright. *See Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 120–23 (2d Cir. 1930) (setting forth the "abstractions" test and holding that similarity at a highly abstract level is not legally actionable); *Briggs v. Blomkamp*, 70 F. Supp. 3d 1155, 1170 (N.D. Cal. 2014) ("[N]one of the 'plot features' identified by plaintiff is similar in the two works, except at the highest level of abstraction . . . ."), *aff'd sub nom. Briggs v. Sony Pictures Ent., Inc.*, 714 F. App'x 712 (9th Cir. 2018).

---

[6] The Ninth Circuit affirmed the determination that Plaintiff had failed to establish a likelihood of success on the merits of his copyright claim due to his failure to establish factual copying. Dkt. 71 at 2. Although the Ninth Circuit's memorandum order only concerned Plaintiff's likelihood of success in the context of preliminary relief, that decision provides insight into the "merits of the underlying issue" whether Plaintiff can state a claim for copyright infringement. *Cooper v. Rimmer*, 379 F.3d 1029, 1033–34 (9th Cir. 2004) (Browning, J., concurring).

[7] Plaintiff does not allege direct evidence of copying.

[8] Roe's Declaration and its attached exhibits are not subject to judicial notice because the facts stated in them are not generally known or readily determinable from sources whose accuracy cannot reasonably be questioned. Moreover, this evidence is not incorporated by reference because the Complaint does not mention Doe or Roe, or any of the particular communications at issue. Thus, although this evidence will not be considered in determining whether the Complaint states a claim, it bears on whether leave to amend the Complaint should be granted, *i.e.*, whether a claim could be stated if Plaintiff properly incorporated this evidence into an amended complaint. That issue is addressed later in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02091-JAK (KESx) | | Date | March 16, 2026 |
|---|---|---|---|---|
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | | |

Plaintiff responds that the Accused Television Series copies a "unique four-step comedic sequence" from the Screenplay, which constitutes the misappropriation of protectible expression. Dkt. 57 at 23. This sequence, according to Plaintiff, involves: "(1) A manager's directive; (2) An employee's illogical, literal-minded refusal; (3) The authority's absurd acquiescence; (4) A stalled workflow as the punchline." *Id.* at 10.[9]

The Court has conducted an independent review of the Screenplay, the July 2024 script for the Accused Television Series, Dkt. 1 at 46–83, and the broadcasted pilot for the Accused Television Series, which is now publicly available.[10]  *See* YouTube, DMV | Series Premiere (S1, E1) | Full Episode | CBS, https://www.youtube.com/watch?v=KzxHE5BgGqE&t (Oct. 14, 2025). Based on this review, once again, it has been determined that the Works have not been shown to be substantially similar.

In arguing that the Works are substantially similar, Plaintiff first refers to five lines of dialogue in the Screenplay:

> DAVIDSON: Charlise, can you get this line moving?
>
> CHARLISE: I don't have a pencil or pen.
>
> DAVIDSON: What's a pencil and pen got to do with this line?
>
> CHARLISE: The only way I can move this line is to draw it. These people move too slow.
>
> DAVISON: Well, use your eraser.

Dkt. 24 at 2–3. These lines, according to Plaintiff, involve an order from a superior, the subordinate's absurd and non-sequitur interpretation of the order, and the superior's ultimate embrace of the absurd interpretation. *Id.*

/ / /

/ / /

/ / /

---

[9] Plaintiff does not describe which sequences in the Screenplay embody the "four-step" sequences, and does not point to any specific sequences in the Accused Television Series that are substantially similar. Plaintiff has an obligation to identify with specificity the aspects of the works that were copied, but he has failed to do so in opposing the Motion to Dismiss. *See TVB Holdings USA Inc. v. Enom Inc.*, No. 13-cv-624, 2014 WL 12581778, at *3 (C.D. Cal. Jan. 6, 2014). However, because in Plaintiff's previous filings he argued that there are substantial similarities involving a "three-beat" comedic structure, those purported similarities are analyzed. Dkt. 24.

[10] Defendant has previously argued that the proper comparison in a copyright infringement action is the "final version of a work, presented to the public," rather than a draft of a work. Dkt. 21 at 14 n.2 (citing *Chase-Riboud v. Dreamworks*, 987 F. Supp. 1222, 1227 n.5 (C.D. Cal. 1997)). Although the July 2024 script and the broadcasted pilot do have slight differences, they are immaterial to the determinations made in this Order because both the July 2024 script and the broadcasted pilot have not been shown to be substantially similar to the Screenplay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

The dialogue Plaintiff cites from the Accused Television Series, however, does not involve the same themes or structure:

> VIC: Rotation ignores our individual strengths!
>
> AJ: That's the system!
>
> AJ drops a file onto Vic's desk: "You've got one on deck."
>
> . . .
>
> BARBARA: Ooo, AJ, your trash's almost full.
>
> JOCELYN: (tattle-tale) He waits til it gets to the top.
>
> AJ: And then I empty it. That's how garbage works.
>
> BARBARA: (picking up can) On regular days, maybe . . .

This dialogue is structurally different from the dialogue cited in the Screenplay. Thus, this dialogue does not involve an order from a superior, nor any absurd or non-sequitur interpretations.

Next, Plaintiff refers to a scene in the Screenplay in which a government employee encounters a job seeker:

> THOR hands Charlise his paper.
>
> CHARLISE (reading, incredulous): Are you kidding? You came here for a job or a meth lab?
>
> THOR: No, really. I can do the work.
>
> CHARLISE: You can't do the work if you're high. Are you crazy?

*Id.* at 4. That scene, which involved a government employee's incredulous response to a job seeker who is high on methamphetamine, is dissimilar from the scene in the Accused Television Series to which Plaintiff draws a comparison:

> BRENT hands AJ an expired passport.
>
> AJ: This isn't valid ID. I can't process you without current identification.
>
> Brent: It's still me. You can see that. Just let it go.
>
> AJ: I can't let it go. Rules are rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

Finally, Plaintiff appeals to a purported similarity in scenes where government employees in the Works failed to resolve an issue. *Id.* at 5. However, in the Screenplay, it is the government employee who fails to resolve the issue and walks away from the situation. By contrast, in the Accused Television, it is the customer receiving services who "stomps off" in frustration. *Id.*

This comparison shows that the Works are not similar in fact, or similar with respect to protected expression. Short jokes, like those identified in the Screenplay, receive only thin copyright protection because they are "constrained by the limited number of variations" given the nature of the expression. *Kaseberg v. Conaco, LLC*, 260 F. Supp. 3d 1229, 1245 (S.D. Cal. 2017). Accordingly, the particular comedic sequencing and dialogue in the Screenplay cited by Plaintiff merits only "thin protection," which requires a showing of "virtual identity" for infringement. *Id.* Given the substantial differences between the dialogue of the Works, as noted above, the Accused Television Series is not "virtually identical" to the Screenplay.[11]  There is no showing of infringement under these circumstances.

Moreover, to the extent that the comedic rhythm in the Works is similar, that reflects the kind of conventional deadpan, sarcastic humor that is common to the genre of situational comedies. "The mere fact that a theme is comedic or ironic is not protectable." *Shame on You Prods., Inc. v. Banks*, 120 F. Supp. 3d 1123, 1155 (C.D. Cal. 2015), *aff'd*, 690 F. App'x 519 (9th Cir. 2017). Although both Works involve sarcastic humor that plays on bureaucratic absurdity, such similarities are not actionable in copyright law under the doctrine of *scènes à faire*, which filters out any similarities that flow naturally from the setting, premise, or genre of a work. *Id.* at 1151 (disregarding similarities that flowed from a "basic premise" of the works, including "[g]etting drunk, spending a 'one-nighter' with someone you just met, waking up disoriented the next morning at the individual's house or apartment, and putting on the clothes worn the night before").

Because the Works both involve the same, central premise -- a situational comedy set in a public-facing government office -- the comedic similarities in the Works does not constitute the misappropriation of protectible expression. The kind of similarity identified by Plaintiff -- involving a "specific rhythm of setup, absurd twist, illogical escalation, and thematic payoff," Dkt. 57 at 12 -- can be identified in countless creative works involving the workplace. *See, e.g.*, Dkt. 61 at 10 n.4 (identifying an 1853 short story that embodies the sequence for which Plaintiff asserts copyright protection).

Plaintiff has correctly identified that individually unprotectible elements of a work may be protectible as a sequence or pattern of expression. Dkt. 57 at 10 (citing *Metcalf v. Bochno*, 294 F.3d 1069, 1074 (9th Cir. 2002)). However, the comedic beats identified in the Works here are, itself, generic structural elements of any situational comedy placed in a government office. *See Shame on You Prods.*, 120 F.

---

[11] Plaintiff attempts to analogize to the Abbott and Costello's *Who's on First* comedic routine, arguing that the structure of the Screenplay's dialogue resembles the protectible structure of the *Who's on First* routine. Dkt. 57 at 20–21. This argument lacks merit because the structure of a joke is only entitled to thin protection, which requires verbatim copying to make out a case for infringement. Indeed, reviewing an allegation of infringement of the Abbott and Costello routine, the Second Circuit found infringement plausible only where the routine was copied "at some length, almost verbatim" and without any "alter[ation] . . . at all." *TCA Television Corp. v. McCollum*, 839 F.3d 168, 181–82 (2d Cir. 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

Supp. 3d at 1151–54 (similarities in generic plot sequence does not constitute infringement). In *Metcalf*, by contrast, the patterns of expression in the works were "striking[ly] similar" in non-generic ways:

> The similarities between the relevant works are striking: Both the Metcalf and Bochco works are set in overburdened county hospitals in inner-city Los Angeles with mostly black staffs. Both deal with issues of poverty, race relations and urban blight. The works' main characters are both young, good-looking, muscular black surgeons who grew up in the neighborhood where the hospital is located. Both surgeons struggle to choose between the financial benefits of private practice and the emotional rewards of working in the inner city. Both are romantically involved with young professional women when they arrive at the hospital, but develop strong attractions to hospital administrators. Both new relationships flourish and culminate in a kiss, but are later strained when the administrator observes a display of physical intimacy between the main character and his original love interest. Both administrators are in their thirties, were once married but are now single, without children and devoted to their careers and to the hospital. In both works, the hospital's bid for reaccreditation is vehemently opposed by a Hispanic politician.

*Metcalf*, 294 F.3d at 1073–74.

Although these similarities were not protectible "individually," the Ninth Circuit held that the "presence of *so many* generic similarities and the common patterns in which they ar[o]se" -- the "totality of the similarities" -- went beyond the "necessities of the theme" and genre, and thus, gave rise to a triable issue as to infringement of protectible expression. *Id.* at 1074 (emphasis added). In contrast, Plaintiff has merely pointed to "randomly scattered" similarities that lack any "concrete pattern" in common, which is not sufficient to show legal copying. *See Flynn v. Surnow*, No. 02-CV-9058, 2003 WL 23411877, at *9 (C.D. Cal. Dec. 9, 2003) (distinguishing *Metcalf* on that ground); *Satava v. Lowry*, 323 F.3d 805, 811–12 (9th Cir. 2003) (limiting the reach of *Metcalf* based on the principle that "a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship").

Plaintiff does not argue that the Works are substantially similar in any other respects. Indeed, the Works are dissimilar in their mood and theme for the reasons stated by CBS Studios. Dkt. 44 at 20–21. Other than common plot elements arising out of their setting*, e.g.,* scenes involving government employees providing services to members of the public, which are *scènes à faire*, the Works' plots and sequencing also are not similar in any respect. *Id.* at 20, 22. Further, there is no substantial similarity in the dialogue of the Works. *Id.* at 21. Nor do the characters in the Works share any protectible traits. *Id.*; *see also Silas v. Home Box Off., Inc.*, 201 F. Supp. 3d 1158, 1177 (C.D. Cal. 2016) ("[C]ourts require a very high degree of similarity between characters."), *aff'd*, 713 F. App'x 626 (9th Cir. 2018).

For these reasons, the Complaint fails plausibly to allege legal copying.

            c)       Leave to Amend

It is determined that granting leave to amend would be futile and prejudicial to Defendant under these circumstances. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & n.8 (9th Cir. 2014) (permitting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02091-JAK (KESx) | | Date | March 16, 2026 |
| --- | --- | --- | --- | --- |
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | | |

dismissal with prejudice where amendment would be futile); *Thakur v. Cofiroute USA, LLC*, No. 19-CV-2233, 2021 WL 304389, at *5 (C.D. Cal. Jan. 29, 2021) (denying leave to amend where it "would unduly prolong resolution of this protracted litigation, and it would unduly prejudice Defendants by forcing them to continue to defend against meritless claims"), *aff'd*, No. 21-55364, 2022 WL 1115874 (9th Cir. Apr. 14, 2022)

*First*, as to circumstantial proof of factual copying, Plaintiff cannot adduce any facts or circumstances that are necessary to allege a viable theory of access based on a non-speculative chain of events. In the Complaint, Plaintiff has alleged only that two industry professionals affiliated with CBS Studios were sent the Screenplay in 2014. From this, Plaintiff infers that CBS Studios had access to the Screenplay and copied it. That inference has already been rejected because Plaintiff has failed to allege "any plausible nexus" between these "industry professionals" and the Accused Television Series. Dkt. 31 at 6.

The new evidence submitted by Plaintiff further confirms that granting leave to amend would be futile. Roe's declaration does not reference the Screenplay; the emails between Roe and Doe do not mention *any* of Plaintiff's works, much less the Screenplay at issue here. Rather, Roe declares only that Dillard's "creative material" and "some scripts" authored by Plaintiff were disseminated to Doe. Dkt. 58-4 ¶¶ 2, 4. Roe's vague reference to certain of Plaintiff's works does not establish that she disseminated the Screenplay at issue. Moreover, because Roe expressly did not declare that she disseminated the Screenplay to Doe, which is a key fact that Plaintiff must establish to prove access, it is unreasonable to infer that she did so. *See Esparza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 939 (S.D. Cal. 2024) ("It is also improper for the court to assume 'the plaintiff can prove facts that he or she has not alleged.'" (cleaned up) (quoting *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983))).

Moreover, even if it were established that Roe sent the Screenplay to Doe, Plaintiff cannot draw a plausible connection between Doe and Defendant. Roe's declaration includes a hearsay statement that Doe has "indicated that he maintains professional relationships with Kapital Entertainment," which is the production company that worked with Defendant on the Accused Television Series. However, Plaintiff has not proffered any evidence as to the nature and the extent of Doe's alleged relationship with Kapital Entertainment. An inference of access requires "more than a mere allegation that someone known to the defendant possessed the work in question." *Herzog v. Castle Rock Ent.*, 193 F.3d 1241, 1252 (11th Cir. 1999 (quoting *Palmieri v. Estefan*, No. 91-CV- 3098, 1995 WL 331719, at *1 (S.D.N.Y. June 5, 1995)); *Towler v. Sayles*, 76 F.3d 579, 583 (4th Cir. 1996) (rejecting claim of access based upon a "tortious [sic] chain of hypothetical transmittals"). That the Screenplay was sent to one individual with an indeterminate "professional relationship[]" with a nonparty production company does not constitute a "sufficiently strong" nexus between Doe and Defendant required to "raise a reasonable possibility of access by" Defendant. *Meta-Film Assocs., Inc. v. MCA, Inc.*, 586 F. Supp. 1346, 1355 (C.D. Cal. 1984).

More substantial theories of access that are considerably stronger than Plaintiff's have been dismissed with prejudice on a motion to dismiss. *See, e.g.*, *Washington v. ViacomCBS, Inc.*, No. 20-CV-435, 2021 WL 2640105, at *2 (C.D. Cal. May 21, 2021), *aff'd*, No. 21-55668, 2023 WL 2658749 (9th Cir. Mar. 28, 2023) (dismissing complaint with prejudice because the following theories of access were unduly speculative: "(1) Defendant's predecessor company, CBS, had a 'first look' deal with Imagine Impact, to which Plaintiff submitted her Works for its consideration; (2) Dan Lerner, who is the credited director of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
| --- | --- | --- | --- |
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

the [accused work], once worked with Brian Grazer, the co-founder of Imagine Entertainment, on the television series Friday Night Lights; (3) Paul Attanasio, who is credited as one of the co-creators of the [accused series], once worked with Mr. Grazer and Ron Howard, Imagine Entertainment's other co-founder, on a project entitled Eden; and (4) Plaintiff allegedly sent her Works by email to Shima Azarafa and Olivia Hass, who Plaintiff alleges are producers employed by CBS.").

Despite extensively briefing the issue of access before this Court and the Ninth Circuit, and submitting evidence in support of the opposition, "Plaintiff has not suggested that [he] can allege additional facts which support [his] claim for relief." *U.S. Care, Inc. v. Pioneer Life Ins. Co. of Ill.*, 244 F. Supp. 2d 1057 (C.D. Cal. 2002); *see also Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) (leave to amend should not be granted when plaintiff has already plead his or her "best case"). It would be conjectural to predicate granting leave to amend on the unlikely possibility that Plaintiff may have additional facts -- which he has not already raised, despite having had multiple opportunities to do so here and in the Ninth Circuit -- showing that CBS Studios had access to the Screenplay.

*Second*, as to legal copying, a review of the Works themselves demonstrates that there is no substantial similarity between them as a matter of law. Even if Plaintiff were able plausibly to allege factual copying, which is unlikely for the reasons already stated, Plaintiff's failure to demonstrate legal copying cannot be cured by amendment because the Court's independent review of the Works confirms that they are not substantially similar. *See Rentmeester*, 883 F.3d at 1125 (affirming district court's dismissal with prejudice where "the allegedly infringing works are as a matter of law not substantially similar" and "amending the complaint would have been futile"), *overruled on other grounds by, Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020); *see also Gallagher v. Lions Gate Ent. Inc.*, No. 15-CV-2739, 2015 WL 12481504, at *2 (C.D. Cal. Sept. 11, 2015) ("[W]hen substantial similarity is absent after a review of the works at issue no amendment could cure the complaint's deficiencies, thus, dismissal with prejudice is not uncommon.").

Permitting leave to amend will also prejudice Defendant, which has already defended Plaintiff's inadequate claims in expedited proceedings before this Court and the Ninth Circuit, and litigated certain collateral issues raised by Plaintiff that lack merit. *See, e.g.*, *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("It is the consideration of prejudice to the opposing party that carries the greatest weight [in determining whether to grant leave to amend]."); *Thakur*, 2021 WL 304389, at *5 (denying leave to amend where it "would unduly prolong resolution of this protracted litigation, and it would unduly prejudice Defendants by forcing them to continue to defend against meritless claims").

Plaintiff's submissions in this case may have been prepared by using generative artificial intelligence. Plaintiff's filings have misrepresented the Works at issue here and have mischaracterized Defendant's conduct and the prior orders issued in this case. *See Goddard* v. *Sares-Regis Grp. Inc.*., No. 25-CV-5882, 2025 WL 2969295, at *3 (N.D. Cal. Oct. 21, 2025) (systematic factual misrepresentations are indicia of generative artificial intelligence). Plaintiff's unauthorized supplemental briefing contains images that appear to have been created by generative artificial intelligence.[12]  *See* Dkt. 64. Plaintiff's

---

[12] The images in this brief contain nonsensical spellings that are characteristic of images generated by artificial intelligence. *See* Dkt. 64 at 12 ("Twombly/idqal + Three Bays"); *id.* ("Access need not be proven beyond doubt–only alausibly."); *id.* at 11 ("Comedie Freeze"); *id.* at 11 ("cafeteira tone"); *id.* at 11 ("Misúrstranding"); *see also* Amanda Silberling, *Why Is AI So Bad At Spelling? Because Image Generators Aren't Actually Reading Text*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

opposition also cites to several opinions that do not exist,[13] which is a hallmark of the "hallucinations" observed in the use of generative artificial intelligence to conduct legal research and drafting. *See United States v. Hayes*, 763 F. Supp. 3d 1054, 1065 (E.D. Cal. 2025) ("The citation has all the markings of a hallucinated case created by generative artificial intelligence (AI) tools such as ChatGPT and Google Bard that have been widely discussed by courts grappling with fictitious legal citations and reported by national news outlets.").

Although courts "make some allowances for the pro se Plaintiff's failure to cite to proper legal authority," courts may not condone actions by a party who cites to false, nonexistent, or misleading authorities. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013); *see also Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants."). Like every other person who appears before a federal court, Plaintiff has an obligation under Rule 11 to confirm that his arguments are supported by the facts and the law. Plaintiff failed to meet that obligation here. The unsupported theories and legal contentions advanced by Plaintiff, which appear to be the result of his use of generative artificial intelligence, further confirm that granting leave to amend will allow Plaintiff to raise additional unsupported allegations. *See, Alexander v. Metro-Goldwyn-Mayer Studios Inc.*, No. 17-CV-3123, 2017 WL 5633407, at *9 (C.D. Cal. Aug. 14, 2017) ("Affording Plaintiff the chance to amend his Complaint is likely to raise even more baseless allegations, is unlikely to cure the current deficiencies, and is even more unlikely to render Plaintiff's Complaint 'plausible on its face.'" (quoting *ZL Techs., Inc. v. Gardner, Inc.*, No. 09-CV-2393, 2009 WL 3706821, at *13 (N.D. Cal. Nov. 4, 2009)); *Merz v. City of Kalama*, No. 24-cv-5588, 2025 WL 2382030, at *1 (W.D. Wash. Apr. 15, 2025) ("If future filings include what appears to be fabricated authority, this case will be promptly dismissed with prejudice, at least.").

*Finally*, Plaintiff's repeated failure to comply with Court orders and the Local Rules also supports dismissal with prejudice. *See, e.g.*, *Brown v. CA DMV*, No. 18-CV-1418, 2019 WL 8580417, at *3 (C.D. Cal. Apr. 8, 2019) ("[Pro se] Plaintiff's repeated failure to comply with the Court's orders could justify dismissal of the Third Amended Complaint and the action without leave to amend . . . ."); *see* Dkt. 64 (unauthorized supplemental brief); Dkt. 40 (motion filed in violation of L.R. 7-3 & 7-4); Dkt. 43 (improper ex parte application); *compare* Dkt. 46 (Court order: "No reply is necessary.") *with* Dkt. 54 (Plaintiff's reply). Granting leave to amend would risk prejudice to Defendant in having to respond to filings like

---

TechCrunch (Mar. 21, 2024), https://techcrunch.com/2024/03/21/why-is-ai-so-bad-at-spelling/ (discussing similar nonsensical spellings in images generated by artificial intelligence).

[13] Plaintiff cited to a case with an apparently real case name, decided by an actual court on a certain date, and assigned an apparently real citation by the Federal Reporter: *Jorgensen v. CBS, Inc.*, 728 F.2d 958 (8th Cir. 1984). Dkt. 57 at 15. The case reported at 728 F.2d 958 is not an Eighth Circuit case from 1984 captioned *Jorgensen v. CBS, Inc.*, but rather, is a Seventh Circuit case from 1984 captioned *United States v. Johns*. *See United States v. Johns*, 728 F.2d 953 (7th Cir. 1984). Moreover, no case captioned "*Jorgensen v. CBS, Inc.*" has been decided by the Eighth Circuit. Similarly, Plaintiff cited to *Lamon v. Godbolt*, which is purportedly a Central District of California opinion dated March 30, 2015. Dkt. 57 at 8 (citing "*Lamon v. Godbolt*, 2015 WL 13647670, at 3 (C.D. Cal. Mar. 30, 2025)"). The Westlaw database number for that case, however, refers to a complaint filed in the Los Angeles Superior Court in an unrelated case: *United Walnut Taxpayers v. Mt. San Antonio Community Coll. Dist.*, No. BC600860, 2015 WL 13647670 (L.A. Sup. Ct. Nov. 10, 2015). Moreover, no case captioned "*Lamon v. Godbolt*" has been filed in the Central District of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

these, as well as litigating another motion to dismiss based on Plaintiff's fundamentally flawed allegations.

For the foregoing reasons, the Motion to Dismiss is **GRANTED** as to Count I, which is **DISMISSED WITH PREJUDICE**, *i.e.*, without leave to amend.

  B.  Copyright Preemption (Counts II and IV)

Defendant argues that Plaintiff's unfair competition claim (Count II), and idea misappropriation claim (Count IV), are preempted by Section 301 of the Copyright Act. Dkt. 44 at 21. Defendant contends that, because these claims are merely a "restate[ment]" of Plaintiff's copyright claim, both are preempted. Dkt. 44 at 21–23.

    1.  Legal Standards

The Ninth Circuit has established a two-part test to determine whether a state law claim is preempted by the Copyright Act. First, it must be determined "whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006). Section 102 of the Copyright Act affords copyright protection to "original works of authorship fixed in any tangible medium of expression," including "pictorial, graphic, and sculptural works." 17 U.S.C. § 102.

Second, if the claim does fall within the subject matter of copyright, it must be determined "whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders." *Laws*, 448 F.3d at 1137-38. The exclusive rights provided in Section 106 include the right "to reproduce the copyrighted work in copies[,]" "to prepare derivate works[,]" "to distribute copies . . . to the public by sale or other transfer of ownership," and "to display the copyrighted work publicly." 17 U.S.C. § 106. "To survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights. The state claim must have an extra element which changes the nature of the action." *Laws*, 448 F.3d at 1143 (quoting *Del Madera Props. v. Rhodes & Gardner*, 820 F.2d 973 (9th Cir. 1987), *overruled on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

    2.  Application

The Complaint alleges that Defendant violated the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, by "misappropriating" his work and "misrepresenting" its origin. Dkt. 1 ¶ 48. Further, the Complaint alleges that Defendant misappropriated his ideas, including the "unique premise, character types, and comedic motifs" of his work, without authorization. *Id.* ¶ 55.

These claims concern Defendant's use of his literary work, which falls within the "subject matter" of copyright. *See* 17 U.S.C. § 102(a)(1). Further, the state-law rights that Plaintiff asserts are substantially equivalent to rights protected by the Copyright Act because these claims are based on the unauthorized copying of Plaintiff's literary work. *See Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) ("To the extent the improper business act complained of [under the UCL] is based on copyright infringement, the claim was properly dismissed because it is preempted."). Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

has not demonstrated that either of these claims involves an "extra element" that changes the nature of these actions and makes them qualitatively different from a copyright infringement claim.[14]

Accordingly, Plaintiff's unfair competition claim and misappropriation claim are preempted by the Copyright Act. *See, e.g.*, *Ricketts v. CBS Corps.*, 439 F. Supp. 3d 1199, 1210 (C.D. Cal. 2020) ("To the extent these allegations can be interpreted to state an unfair or unlawful business act, presumably that Defendants' copied Plaintiff's work without giving him any credit, this claim is substantially equivalent to the rights protected under the Copyright Act and is preempted."), *aff'd sub nom. Ricketts v. Berlanti Prods.*, No. 20-55912, 2022 WL 1046252 (9th Cir. Apr. 7, 2022); *Litchfield v. Spielberg*, 736 F.2d 1352, 1358 (9th Cir. 1984) ("The district court dismissed plaintiff's state claims for unfair competition and misrepresentation. In so far as these state claims are restatements of the copyright infringement claims, they are preempted by federal copyright law.").[15]

Plaintiff's response is unpersuasive. He presents no argument as to the sufficiency of his idea misappropriation claim.[16] As to his unfair competition claim, Plaintiff argues that CBS's "fraudulent manipulation of the judicial process" provides the "extra element" necessary to avoid copyright preemption. Dkt. 57 at 21. Plaintiff proffers no evidence to support his accusation that CBS engaged in "fraud." Moreover, this argument is untethered to the allegations advanced in the Complaint. *Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d 966, 977 (N.D. Cal. 2016) ("Plaintiff may not use his opposition to raise and argue new allegations or claims not in the complaint."). Further, even if this theory was properly pled and factually supported, which it is not, it likely fails as a matter of law because California's litigation privilege generally immunizes litigants from UCL liability for communications related to litigation. *See, e.g.*, *People v. Persolve, LLC*, 218 Cal. App. 4th 1267, 1274 (2013) ("Here, as found by the trial court, the communications upon which the complaint is based were related to judicial proceedings. At a minimum, these communications had some relation to anticipated litigation. Thus, the litigation privilege would generally apply.").

For these reasons, the Motion to Dismiss is **GRANTED** as to Counts II and IV, which are **DISMISSED WITH PREJUDICE**, *i.e.*, without leave to amend. Because these claims are preempted as a matter of

---

[14] Plaintiff's implied contract cause of action is not preempted because it involves additional, contractual-based elements that are distinct from copyright infringement. *See Selby v. New Line Cinema Corp.*, 96 F. Supp. 2d 1053, 1059 (C.D. Cal. 2000) ("Courts . . . have concluded that a defendant's very promise to refrain from using the plaintiff's ideas or copyrighted materials without compensation provides the extra element.").

[15] Plaintiff's misappropriation claim also fails to state a claim for relief because California law does not recognize the misappropriation of ideas as an actionable tort independent of copyright infringement. *See Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("The tort of conversion does not apply to ideas."). That provides an independent ground to dismiss Count IV with prejudice.

[16] Plaintiff's failure to respond to the Motion to Dismiss as to this cause of action amounts to an abandonment of the claim. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d at 1037 (holding that where the plaintiff's opposition to a motion to dismiss "failed to address any of the arguments presented" in the defendant's motion to dismiss, "the district court had no reason to consider the contention" that the claim in question "could not be dismissed," and the plaintiff "effectively abandoned the claim"); *Pers. Elec. Transports, Inc. v. Off. of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009) ("[T]he district court correctly opined that Appellants had waived their . . . argument for failing to raise it in their opposition to the Trustee's motion to dismiss."). "In instances where a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice." *See Homsy v. Bank of Am., N.A.*, No. 13-CV-1608, 2013 WL 2422781, at *5 (N.D. Cal. June 3, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

law, an amendment would be futile. *See, e.g.*, *Reyes v. Premier Home Funding, Inc.*, 640 F. Supp. 2d 1147, 1160 (N.D. Cal. 2009) ("Since such claims are preempted, dismissal is with prejudice.").

      C.      Breach of Implied Contract (Count III)

          1.      <u>Legal Standards</u>

California common law recognizes that an implied-in-fact contract may be created where one party furnishes an idea to another, even absent any express promise to pay. *Desny v. Wilder*, 46 Cal. 2d 715, 737–39 (1956). "To establish a *Desny* claim for breach of implied-in-fact contract, the plaintiff must show that the plaintiff prepared the work, disclosed the work to the offeree for sale, and did so under circumstances from which it could be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work." *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 967 (9th Cir. 2004).

          2.      <u>Application</u>

The Complaint alleges that Plaintiff disclosed the Screenplay to Defendant under "circumstances giving rise to an implied-in-fact contract for compensation if used," which Defendant breached by exploiting the Screenplay without compensating Plaintiff. Dkt. 1 ¶ 51. Defendant argues that these allegations fail to state a claim for relief because Plaintiff does not plausibly allege any contractual relationship, even an implied one, between the parties. Dkt. 44 at 24–25. Plaintiff responds that he disseminated the Screenplay "to the industry" with an understanding that he would be paid if the Screenplay were used. Dkt. 21 at 21–22.

Defendant's arguments are persuasive. The Complaint does not plausibly allege that Plaintiff submitted the Screenplay to Defendant, as opposed to two individuals affiliated with Defendant more than ten years ago. Nor does it aver that Plaintiff's submission was conditioned on Defendant's obligation to pay Plaintiff and that Defendant received and exploited the Screenplay with the understanding that it had formed an implied agreement with Plaintiff in so doing. *See Meta-Film Assocs.*, 586 F. Supp. 1346 at 1357–58 (observing that "countless unsolicited scripts are submitted to numbers of individuals on studio lots every day," and, as such, "it is clearly unreasonable to attribute the knowledge of any one individual—especially a non-employee—to every other individual just because they occupy offices on the same studio lot").

Plaintiff's bare allegation that he submitted the Screenplay to several industry professionals, only two of whom are identified as associated with Defendants, also does not plausibly demonstrate that an implied contractual relationship was formed with Defendant. *See, e.g.*, *Alexander v. Metro-Goldwyn-Mayer Studios Inc.*, No. 17-CV-3123, 2017 WL 5633407, at *9 (C.D. Cal. Aug. 14, 2017) (dismissing theory of "implied contract . . . by mass-mailing of" screenplay because plaintiff failed to allege a reasonable expectation of payment for unsolicited submission of the work and failed to allege that defendants, who never responded to the submission, accepted plaintiff's implied offer). "Even in cases where the plaintiff alleged a more concrete exchange between the parties, courts have been wary to let an implied contract claim proceed at the motion to dismiss stage." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

For reasons similar to those discussed with respect to Plaintiff's deficient copyright claim, granting leave to amend the *Desny* claim would be futile under these circumstances and unduly prejudicial to Defendant. Plaintiff's new evidence suggests that, at most, he had a bilateral expectation of payment from Roe, who promoted certain of Plaintiff's works on his behalf. There is no evidence, however, that Roe promoted the Screenplay, as opposed to other works not at issue in this action, on his behalf. Moreover, there is no evidence that Plaintiff or Roe has ever dealt with Defendant, either directly or indirectly, with respect to the Screenplay. Indeed, there is no evidence that Defendant even received the Screenplay. Accordingly, Defendant could not have misappropriated it because there was no "bilateral exchange through which an implied contract could be inferred." *Alexander*, 2017 WL 5633407, at *11. "Affording Plaintiff the chance to amend his Complaint is likely to raise even more baseless allegations, is unlikely to cure the current deficiencies, and is even more unlikely to render Plaintiff's Complaint 'plausible on its face.'" *Id.* (quoting *ZL Techs., Inc. v. Gardner, Inc.*, No. 09-CV-2393, 2009 WL 3706821, at *13 (N.D. Cal. Nov. 4, 2009).

For the foregoing reasons, the Motion to Dismiss is **GRANTED** as to Count III, which is **DISMISSED WITH PREJUDICE**, *i.e.*, without leave to amend.

      D.      Declaratory Relief (Count V)

"It is well established that declaratory relief is an equitable remedy," not a standalone cause of action. *See Baker v. Baker*, No. 16-CV-8931, 2018 WL 3216509, at *6 (C.D. Cal. June 27, 2018) (collecting cases), *aff'd in part and vacated in part on other grounds*, 860 F. App'x 502 (9th Cir. 2021). "The availability of declaratory judgments, therefore, depends on the presence of an underlying legally-cognizable cause of action." *Kidd v. Am. Reliable Ins. Co.*, No. 15-CV-1720, 2016 WL 4502459, at *3 (C.D. Cal. Aug. 23, 2016). When the underlying claim is dismissed, the declaratory relief claim must also be dismissed. *Vaughan v. Quicken Loans Inc.*, No. 25-CV-4020, 2025 WL 2104273, at *6 (C.D. Cal. July 8, 2025). Because each of Plaintiff's substantive claims fail, the declaratory relief claim also fails to state a plausible claim for relief.[17]

Therefore, the Motion to Dismiss is **GRANTED** as to Count V, which is **DISMISSED WITH PREJUDICE**, *i.e.*, without leave to amend.

      E.      Plaintiff's Remaining Arguments

Plaintiff raises several other arguments that are collateral to the issues raised by the Motion to Dismiss. None are persuasive.

*First*, Plaintiff argues that CBS Studios failed to meet and confer in good faith, as required by Local Rule 7-3, because the parties' conference was "perfunctory" and Defendant's counsel failed to articulate the basis for its motion. Dkt. 57 at 6. Even taking Plaintiff's allegations as true, this does not provide grounds to deny the Motion to Dismiss because the parties were both on notice of the legal and factual bases for the Motion to Dismiss, which have already been litigated in connection with the TRO Order. The sole case cited by Plaintiff, *Singer v. Live Nation Worldwide Inc.*, is distinguishable. There,

---

[17] Plaintiff did not respond to the Motion to Dismiss as to this cause of action, and therefore, he has also abandoned the claim for the reasons set forth in n.17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-02091-JAK (KESx) | Date | March 16, 2026 |
|---|---|---|---|
| Title | Meriland Keith Dillard v. CBS Studios, Inc. | | |

the conference consisted of an unanswered letter sent three days before the motion was filed. No. 11-CV-427, 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012).

*Second*, Plaintiff argues that CBS Studios should be "judicially estopped" because it falsely claimed that the August 2024 script had been superseded by a later script. Even if that allegation were true -- and Plaintiff proffers no evidence in support of it -- judicial estoppel does not apply because the TRO Order did not depend on whether the August 2024 script had been superseded. Dkt. 31 at 3 n.3; *see also Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001) ("This court has restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position.").

*Third*, Plaintiff argues that CBS Studios falsely claimed to the Court that the Heiny Story was the source of the Accused Television Series. Dkt. 57 at 10. Plaintiff offers no evidence for this assertion. Moreover, as previously noted, this is immaterial to resolving the Motion to Dismiss because any evidence concerning the Heiny Story has not been considered in this analysis.

*Finally*, Plaintiff argues that CBS Studios has engaged in a "coordinated pattern" of misconduct that warrants denial of the Motion to Dismiss. Dkt. 57 at 22. However, Plaintiff offers no evidence or nonconclusory argument in support of this contention. That Plaintiff disagrees with the legal arguments raised by Defendant does not provide a basis to deny the Motion to Dismiss.

**V.       Conclusion**

For the reasons stated in this Order, the Motion to Stay is **DENIED** as moot and the Motion to Dismiss is **GRANTED**. The Complaint is **DISMISSED WITH PREJUDICE**, *i.e.*, without leave to amend.

After meeting and conferring with Plaintiff to determine if the parties can agree on the form of a proposed judgment consistent with this Order, Defendant's counsel shall lodge a proposed judgment within 14 days of the issuance of this Order. If the parties have reached an agreement as to its form, the proposed judgment shall include a signature from Plaintiff stating such an agreement. If the parties have not reached an agreement as to form, Defendant's counsel shall submit Defendant's form of the proposed judgment, and Plaintiff shall file any objections within seven days thereafter and in conformance with the Local Rules. Based on a review of the materials that are filed, the form of the judgment will be determined, and then filed.

**IT IS SO ORDERED.**

                                                                                        _____ : _____

                                                        Initials of Preparer        LC3